**Fowler "Jack" HOGAN, Respondent,**

v.

**Anna Marie BLOCK, Appellant.**

**No. 46635.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 18, 1983.

**624**

Robert L. Hyder, Jefferson City, for appellant.

Chopin & Kennedy, Elizabeth C. Kennedy, St. Louis, for respondent.

CRIST, Presiding Judge.

Defendant appeals from the imposition of a "constructive trust" on certain funds in her possession following a bench trial. We reverse.

Plaintiff (husband) alleged defendant (niece) conspired with husband's late wife to convert his share of funds held as a tenant by the entirety with wife in several accounts in St. Louis City banks. Husband prayed for a declaration of his rights under the joint bank account statute, § 362.470(5), RSMo 1978, and for the court to determine the funds transferred to niece by wife were his property.

Husband was a resident of St. Louis City and niece resided in Cole County. Niece timely objected to venue being in the City of St. Louis. *Rakestraw v. Norris,* 478 S.W.2d 409, 414 (Mo.App.1972).

Venue in the City of St. Louis was proper in this case only if niece committed a tort there. See § 508.010 RSMo 1978. Otherwise the cause of action must be brought in the county where the defendant resides or the county where plaintiff resides if the defendant can be served there. *Id.* Defendant was served in Cole County.

At trial, plaintiff produced no evidence niece conspired with wife in the City of St. Louis to convert husband's funds. The only positive action taken by niece was to sign signature cards on accounts which stood in wife's name alone. While there is evidence deceased wife may have wrongfully converted joint bank accounts to her own use, and subsequently added niece's name to those accounts, there is no evidence of any wrongful participation by niece.

Lacking evidence of tortious conduct by niece occurring in the City of St. Louis, there was no venue.

Judgment reversed.

PUDLOWSKI and SIMON, JJ., concur.